# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CAPITAL CORP. MERGERS &**
**ACQUISITIONS, INC.,**

      **Plaintiff,**

**-vs-**                Case No.  6:04-cv-158-Orl-28JGG

**ARIAS CO, LTD. and MARS CAPITAL**
**CO., LTD.,**

      **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **MOTION TO COMPEL SUPPLEMENTAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26 (Doc. No. 91)**
>
> **FILED:**  July 11, 2006
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Mars Capital Co., Ltd. ("Mars") seeks to compel Plaintiff Capital Corp. Mergers and Acquisitions, Inc. ("Capital") to produce an e-mail authored by Gilles Herard, President of Capital, that Herard sent to non-party Carlos Cantor Escobar ("Escobar").  Alternately, Mars seeks leave to propound a request for production after the discovery deadline to procure production of the e-mail.  For the reasons set forth below, the motion is denied.

I.      **BACKGROUND**

The Case Management Scheduling Order established a discovery cut off date of April 20, 2006. Doc. 38. There have been five motions to extend the discovery deadline for limited purposes, which the Court has granted. One of those motions related to taking the deposition of Escobar, whom Capital disclosed as a witness one week before the discovery deadline. Doc. 75. Escobar was formerly employed by Capital and was present at the first meeting between Capital's and Mars's representatives.[1]  Mars served Escobar with a subpoena duces tecum to appear on May 23, 2006, but Escobar moved for and received a protective order to modify the date of the deposition to June 14, 2006. See, Doc. 75, 76.

At his deposition on June 14, Escobar testified that after he was subpoenaed, he sent an e-mail to Herard. Doc. 91 at 30 (21:18-22); 36 (27:16-20). Escobar's e-mail to Herard complained about the inconvenience of the deposition and that he was being involved in something in which he felt he had not participated. *Id.*  Herard responded by apologizing, and included a statement that if Capital won the case, Escobar could get his money from his employment contract. Doc. 91 at 30-32 (21:24-23:8). Escobar denied that he discussed the nature of his testimony with Herard or that anyone promised to pay him money for his testimony. Doc. 91 at 26 (26:9-16); 39 (30:7-13).

---

[1] Escobar testified that the first meeting was merely for the representatives of each of the companies to meet and for Capital to introduce itself and what it does. Doc. 91 at 25 (16:4-13). Escobar was not involved in drafting or signing the commitment letter [Doc. 91 at 22 (13:9-22)], and he conducted no due diligence on the Arias and Mars deal. Doc. 91 at 29 (20:9-11).

II.  **ANALYSIS**

Defendant claims the e-mail is responsive to the following three document requests:

<u>Request No. 4</u>: Any and all documents related to persons or potential nominees with whom Capital Corp. discussed funding.

<u>Request No. 9</u>: Any and all documents relating to the receipt of monies from MARS in relation to the Land and Commitment Letter.

<u>Request No. 18</u>: Any and all documents related to the Land and any appraisal thereof.

The Court has reviewed the entire transcript of Escobar's deposition, and has carefully considered all statements about the e-mail and Escobar's involvement in this matter.  The e-mail simply is not responsive to any category of documents requested by Mars.  Further, Capital does not intend to rely on the e-mail at trial.  See Doc. 92 at 2.  The Court, therefore, denies Mars's motion to compel.

The Court also denies Mars's alternate motion to allow it to propound a request for production after the close of discovery.  As this Court has previously ruled, the Case Management Scheduling Order provides that motions for an extension of the discovery period are disfavored, and "the deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b); Local Rule 3.09(a)." Doc. 67 at 6.  Mars fails to establish good cause to conduct discovery after the deadline.  Mars had ample opportunity to propound a request for production that would have encompassed the e-mail at issue.  Mars also could have included a request for production in the subpoena duces tecum to Escobar that Escobar produce communications related to his testimony in this matter.[2]  Mars did neither.

---

[2] The subpoena duces tecum that Mars served on Escobar requested only that Escobar produce "all documents in your possession or control regarding negotiations between Capital Corp. and Mars leading up to and including the commitment letter, including but not limited to any due diligence that relates, et cetera." Doc. 91 at 33-34 (24:25-25:5).

Further, based on Escobar's testimony about the e-mail and his employment contract, the Court finds that the e-mail has no significant value to the case. The parties' Joint Final Pretrial Statement is due on August 7, 2006, less than two weeks away. See Doc. 38. The Court finds no basis to disrupt further the schedule established for this case. For the reasons stated above, Mars's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 25, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties